United States District Court
Southern District of Texas
**ENTERED**
February 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SIDNEY MAURICE THOMPSON, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:22-CV-00008 |
| | § |
| MARLON THOMAS, *et al.*, | § |
| | § |
| Defendants. | § |

### MEMORANDUM AND RECOMMENDATION TO DISMISS
### CASE FOR FAILURE TO PROSECUTE

Plaintiff filed this prisoner Civil Rights complaint pursuant to 42 U.S.C. § 1983 on January 12, 2022. (D.E. 1). The U.S. District Clerk notified Plaintiff his pleading was deficient for failure to pay the filing fee or requesting to proceed *in forma pauperis* ("IFP"). (D.E. 4). The notice instructed Plaintiff to either pay the filing fee or to file a certified copy of his inmate trust fund statement with his application. Plaintiff was directed to comply by February 2, 2022, and notified that failure to comply may result in his case being dismissed. Plaintiff did not file a fully completed, signed IFP application or pay the filing fee.

On February 7, 2022, the Court entered a Notice of Deficiency and ordered Plaintiff to either pay the filing fee or submit an IFP application along with a copy of his trust fund statement by February 24, 2022. (D.E. 5). Plaintiff was again notified that failure to comply may result in dismissal for want of prosecution. Fed. R. Civ. P. 41(b). Plaintiff

failed to comply with the Court's order despite filing two letters with the Court regarding other issues unrelated to the payment of the filing fee.

Therefore, it is respectfully recommended that Plaintiff's case be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

ORDERED on February 28, 2022.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).